IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MARK A. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 10-CV-1237-KGG |
| | ) | |
| WHEATLAND ELECTRIC | ) | |
| COOPERATIVE, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### ORDER DENYING DEFENDANT'S MOTION
### TO JOIN REAL PARTIES IN INTEREST OR
### IN THE ALTERNATIVE, TO DISMISS THE CASE

Plaintiff claims he sustained injuries caused by the negligence of

Defendant's employees while he was unloading steel poles from a flat bed trailer

owned by Plaintiff's employer. Plaintiff alleges that his employer, Pelco Structural,

L.L.C., has a claim for reimbursement of medical expenses, temporary partial

disability, and permanent partial disability paid on Plaintiff's behalf that Pelco is

asserting through Plaintiff against Defendant.  (Doc. 33, Pretrial Order). This

action was brought more than one year after the alleged injury.

Defendant has filed this motion to compel the joinder of Plaintiff's employer

Pelco Structural, L.L.C., and its workers compensation insurance carrier, Travelers

Property Casualty Company of America, as real parties in interest under Federal

Rules of Civil Procedure 17(a)(1), 19, and 20.  In the alternative, Defendant moves

for the dismissal of the case for failure to join indispensable parties under Fed. R.

Civ. Proc. 12(b)(7).[1]

   In support of this motion, Defendant cites general case law supporting the

proposition that insurers who have reimbursed insureds for part of their loss, and

who have subrogation rights, may be necessary parties.  *See generally* **Gas Service**

**Co. v. Hunt**, 183 F.2d 417 (10th Cir. 1950).[2]  In Kansas, however, insurance and

employer subrogation rights arising out of workers compensation benefits are

governed by K.S.A. § 44-504, which provides in part that "[f]ailure on the part of

the injured worker . . . to bring such action within the time specified by this section

[one year], shall operate as an assignment to the employer of any cause of action in

tort . . . ."

   While on its face this statute would seem to bar an action by the employee

after one year, the statue has not been so applied by the Kansas courts.  Rather, the

courts have recognized the continued application of the general two year statute of

limitations, and held that when the injured person alleges that the action is brought

---

[1] This case is before this Court on assignment through consent of the parties in accordance with 28 U.S.C.§ 636(c) and Fed.R.Civ.P. 73. (Doc. 34).

[2] In its Reply (Doc. 42), Defendant states that the insurer and carrier should be added  because there is no indication that their claims are limited to workers compensation benefits.  Defendant's original motion, however, is premised on the claim that these were workers compensation benefits, and no evidence or allegations have been presented to the contrary.

for himself, his employer and the insurance carrier, the right of action remains in

the worker and is not barred.  *Klein v. Wells*, 194 Kan. 528, 400 P.2d 1002, syl. 5

(1965).

> [D]espite the express language of assignment in § 44-
> 504(c), the construction it has received in the Kansas
> courts has virtually eliminated any notion of true
> assignment, except perhaps when the employee shows no
> inclination to press his cause of action himself and the
> employer decides to do so in the employer's own name
> beyond [the one year period].

*Miller v. Leavenworth-Jefferson Electric Cooperative, Inc.*, 653 F.2d 1378, 1382

(10th Cir. 1981).

The federal courts, in recognition of Kansas state court rulings, have long

held that where such an allegation is made, the employee's action is not barred.

*Baird v. Phillips Petroleum Company*, 535 F.Supp. 1371, 1375 (D. Kan. 1982).

Because the employee continues to own the cause of action, the employer and its

carrier are not real parties in interest and need not be added as necessary parties.

*Doyle v. Colborne Mfg Co.*, 93 F.R.D. 536, 537-38 (D. Kan 1982).

Where, however, a plaintiff has failed to allege that the lawsuit is brought for "his

benefit and for the benefit of his employer and its insurance carrier as their

interests appear," the Court will order that an amendment be made to include that

allegation.  *Baird*, 535 F. Supp. at 1374-75.  In this case, Plaintiff has made this

allegation with regard to the employer, but not as to the insurance carrier.  Because

a Final Pretrial Order (Doc. 33) has been filed in this case, the required amendment

is directed in the Pretrial Order and will be made by the Court *sua sponte* as a

matter of expedience.  If, however, Plaintiff does not concur with the amendment,

which is made on his behalf, he is directed to file an objection to this order

explaining that objection.[3]  The Court will then reconsider its denial of the present

motion.

**IT IS THEREFORE ORDERED** that Defendant's motion for joinder or to

dismiss is **DENIED**.  The third paragraph of Plaintiff's contentions in the Pretrial

Order, in paragraph 5.a., is hereby amended as follows:  "This action was brought

by Mark Smith, individually, and for and on behalf of Plaintiff's employer, Pelco,

Inc. and its workers compensation carrier Travelers Property Casualty Company of

America, as their interests appear."

**IT IS SO ORDERED.**

On this 13th day of April, 2012.

s/ KENNETH G. GALE
Kenneth G. Gale
United States Magistrate Judge

---

[3] Plaintiff should file such an objection if, for example, he feels this is not an allegation he can make in good faith.