IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARK A. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 10-CV-1237-KGG |
| ) | |
| WHEATLAND ELECTRIC ) | |
| COOPERATIVE, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

### ORDER ON PLAINTIFF'S MOTION IN LIMINE

In anticipation of trial, Plaintiff brings his Motion *in Limine* requesting that the Court enter an Order redacting portions of the deposition of Thomas Hudson which will be presented at trial in lieu of Hudson's live testimony. (Doc. 56.) Plaintiff argues that these portions of the deposition discuss subsequent remedial conduct taken by Defendant as a result of the accident that is the subject of the present law suit. The testimony relates to a verbal policy that existed at the time of Plaintiff's accident that was, after the accident at issue, memorialized as a written policy and placed in Defendant's Driver Employee Handbook. (*Id*.) In response, Defendant contends that because the verbal policy was in place "long before" Plaintiff's accident, the decision to place it in writing does not constitute

subsequent remedial conduct.  (Doc. 57, at 1.)

Federal Rule of Evidence 407 states:

> When, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction.  This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment.

The Court finds that Defendant's decision to put the policy in writing is a subsequent remedial measure as it clearly occurred in response to the incident at issue in this lawsuit.  Hudson agreed that the wording of the policy "seems to address exactly the situation that occurred" with Plaintiff and testified that it was "written after his accident."  (Doc. 57, at 4.)  Further, even assuming this does not constitute a subsequent remedial measure, the Court fails to see the probative value of this evidence – or how any arguable probative value could possibly outweigh any prejudicial impact on Plaintiff.

Plaintiff's motion is, therefore, **GRANTED**.  The Court Orders that the following portions of Hudson's deposition be redacted from what is submitted at trial:  pg. 39:11 - 40:11; pg. 40:25 - 41:5.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 18th day of June, 2012.

                                 S/ KENNETH G. GALE
                                 Kenneth G. Gale
                                 United States Magistrate Judge