UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| MARK A. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 10-CV-1237-KGG |
| | ) |
| WHEATLAND ELECTRIC | ) |
| COOPERATIVE, INC., | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**ORDER ON DEFENDANT'S AMENDED MOTION
FOR LEAVE TO ADD WITNESSES**

On June 29, 2012, the Court declared a mistrial in the above-captioned matter after a jury failed to reach a verdict following a four-day trial. The Court has re-set this case for trial for September 18, 2012. Currently pending before the Court is Defendant's Amended Motion for Leave to Add Witnesses. (Doc. 74.)

The proposed new witnesses include (1) Bruce Mueller, Defendant's General Manager, to testify concerning the ownership of the Defendant electrical cooperative; and (2) a new expert witness to rebut the Plaintiff's theory about the cause of the accident which injured Plaintiff. The Court will grant Defendant's motion to identify the General Manager to the extent the witness is called in proper rebuttal. The motion to designate an expert witness will be denied as out of time.

## FACTS

Plaintiff is a truck driver who delivered a load of large electrical poles (metal poles weighing about one-ton each) from his employer, the manufacturer, to Defendant.  Plaintiff was injured when, during the unloading process, one of the poles rolled off of the truck and onto him.

Thomas Hudson, a manager working for the manufacturer, testified through deposition testimony that the cause of the accident was the improper unloading of the poles which caused the support structure to break.  Mr. Hudson's deposition was taken on February 28, 2011.

At trial, the Plaintiff testified that he warned Defendant employees not to unload the poles in that manner.  Defendant claims that this testimony was a surprise. The Plaintiff was deposed in December of 2010 (Doc. 14) and extensive discovery was completed by the parties.  Defendant does not claim that Plaintiff's testimony was inconsistent with his deposition or discovery responses, only that Defendant was unaware that Plaintiff would claim that he warned Defendant's employees on the day of the accident.

**A.   Witness Bruce Mueller.**

During the first trial, Plaintiff's counsel may have asked questions of witnesses implying that Defendant, a utility cooperative, has investors. To the extent that occurs at the re-trial of this case, Defendant may call Mr. Mueller to

rebut that impression. A witness not listed in the exhibit list may generally be called in proper rebuttal.

**B.     Proposed Expert Witness**.

Under Federal Rule of Civil Procedure 26(a)(2)(A), "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705." Such disclosures are due at the time and in the sequence set by the Court. Fed.R.Civ.P. 26(a)(2)(D). Under the Court's Revised Scheduling Order, Defense expert designations were due by October 14, 2011. (Doc. 30). The purpose of the disclosures is to "ensure opposing parties have a reasonable opportunity to prepare an effective cross examination and, if needed, retain their own expert." **Hogdon Powder Co., Inc. v. Alliant Techsystems, Inc.**, 200 WL 3228822 at *1 (D. Kan. Oct. 23, 2007).

Defendant's proposed disclosure is out of time. The Court may extend the time if the party "failed to act because of excusable neglect." Fed.R.Civ.P. 6(b)(1)(B). In evaluating whether the out of time request is excusable, the Court may consider (1) the danger of prejudice to the other side; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay and whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. **Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship**, 507 U.S. 380 (1993). Fault for the delay remains a critical factor in

determining whether neglect is excusable.  *City of Chanute, Kan. v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994), *cert. denied*, 513 U.S. 1191 (1995).

In urging the designation of a new expert witness at this time, Defendant relies upon unexpected testimony by Plaintiff at the first trial which, Defendant contends, first made the expert issue relevant.  The record does not support this claim.

The question of how and why the utility pole fell off of the truck and injured Plaintiff has always been the central factual issue in this case.  Furthermore, Plaintiff's theory which Defendant now seeks to rebut, that the accident was caused by improperly unloading the poles from one side of the truck to the other, rather than unloading from each side to the middle of the truck, was explained by Mr. Hudson in his deposition in February of 2011, over a year before the first trial.  The argument that this issue suddenly became important because Plaintiff testified at trial that he warned Defendant's employees about this practice has no merit.  While Plaintiff's testimony may have enhanced the importance of the theory, that factual issue was squarely in the case throughout.

Furthermore, although Defendant may not have learned of Plaintiff's claim in discovery,  there is no assertion that Plaintiff's trial testimony was contrary to his deposition testimony or other discovery responses.   It is incumbent upon a

party to determine the facts and theories through discovery, and a failure to do so will not entitle a party to relief at the time of trial.  No doubt, having "rehearsed" this trial once each side will reexamine its trial presentation.  However, this is not grounds for re-entering the discovery stage of the case.

Granting the motion would unfairly prejudice Plaintiff, who would be put in the position of either facing a substantial delay of this case to depose the new witness and obtain a rebuttal witness, or facing the new witness at trial without those opportunities.  Putting Plaintiff in that position in this case at this time is unjustified.

The Amended Motion for Leave to Add Witnesses (Doc. 74) is, therefore, **GRANTED in part** and **DENIED in part**.

**IT IS SO ORDERED.**

Dated this 5th day of August, 2012, at Wichita, Kansas.

S/ KENNETH G. GALE
Kenneth G. Gale
U.S. Magistrate Judge